# Exhibit A

STATE OF RHODE ISLAND AND  PROVIDENCE PLANTATIONS

# SUPERIOR COURT

## SUMMONS

| | |
|---|---|
| | **Civil Action File Number**<br>PC-2020-06309 |
| **Plaintiff**<br>Lawrence Nathaniel<br>v.<br>UPS Ground Freight, Inc.<br>**Defendant** | **Attorney for the Plaintiff or the Plaintiff**<br>Stephen T. Fanning<br>**Address of the Plaintiff's Attorney or the Plaintiff**<br>305 SOUTH MAIN ST<br>PROVIDENCE RI 02903 |
| Licht Judicial Complex<br>Providence/Bristol County<br>250 Benefit Street<br>Providence RI 02903<br>(401) 222-3250 | **Address of the Defendant**<br>6060 Carlisle Pike<br>Mechanicsburg PA 17050 |

**TO THE DEFENDANT, UPS Ground Freight, Inc.:** c/o Corp Serv Co as R/A

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon the Plaintiff's attorney, whose address is listed above, an answer to the complaint which is herewith served upon you within twenty (20) days after service of this Summons upon you, exclusive of the day of service.

If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court.

As provided in Rule 13(a) of the Superior Court Rules of Civil Procedure, unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation, or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

| | |
|---|---|
| This Summons was generated on 9/8/2020. | /s/ Henry Kinch<br>Clerk |

Witness the seal/watermark of the Superior Court

TRUE COPY ATTEST/SERVED
RI CONSTABLE #6063
PAUL G HUGHES
SERVED 10/21/2020



## SUPERIOR COURT

| **Plaintiff**<br>Lawrence Nathaniel<br>v.<br>UPS Ground Freight, Inc.<br>**Defendant** | **Civil Action File Number**<br>PC-2020-06309 |
|---|---|

### PROOF OF SERVICE

I hereby certify that on the date below I served a copy of this Summons, complaint, Language Assistance Notice, and all other required documents received herewith upon the Defendant, UPS Ground Freight, Inc., by delivering or leaving said papers in the following manner:

☐ With the Defendant personally.

☐ At the Defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person of suitable age and discretion ____________________
Address of dwelling house or usual place of abode ____________________
____________________
Age ________
Relationship to the Defendant ____________________

☐ With an agent authorized by appointment or by law to receive service of process.
Name of authorized agent ____________________
If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.
____________________

☐ With a guardian or conservator of the Defendant.
Name of person and designation ____________________

☐ By delivering said papers to the attorney general or an assistant attorney general if serving the state.

☐ Upon a public corporation, body, or authority by delivering said papers to any officer, director, or manager.
Name of person and designation ____________________

## SUPERIOR COURT

Upon a private corporation, domestic or foreign:

☐ By delivering said papers to an officer or a managing or general agent.
Name of person and designation ______________________________

☐ By leaving said papers at the office of the corporation with a person employed therein.
Name of person and designation ______________________________

☐ By delivering said papers to an agent authorized by appointment or by law to receive service of process.
Name of authorized agent ______________________________
If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.

______________________________

☐ I was unable to make service after the following reasonable attempts: ______________________________

______________________________

SERVICE DATE: ____ / ____ / ____ (Month Day Year) | SERVICE FEE $ __________

Signature of SHERIFF or DEPUTY SHERIFF or CONSTABLE

SIGNATURE OF PERSON OTHER THAN A SHERIFF or DEPUTY SHERIFF or CONSTABLE MUST BE NOTARIZED.

______________________________
Signature

State of ____________________
County of ____________________

On this ________ day of ________________, 20____, before me, the undersigned notary public, personally appeared ______________________________ ☐ personally known to the notary or ☐ proved to the notary through satisfactory evidence of identification, which was ______________________________, to be the person who signed above in my presence, and who swore or affirmed to the notary that the contents of the document are truthful to the best of his or her knowledge.

Notary Public: ______________________________
My commission expires: ______________________________
Notary identification number: ______________________________

**STATE OF RHODE ISLAND**
**PROVIDENCE, SC.**

**SUPERIOR COURT**

| | | |
|---|---|---|
| LAWRENCE NATHANIEL,<br>Plaintiff | ) | |
| | ) | C.A. No. |
| v. | ) | |
| | ) | |
| UPS GROUND FREIGHT, INC.<br>Defendant | ) | |

**COMPLAINT**

**INTRODUCTORY STATEMENT/NATURE OF THE ACTION**

This action is commenced by **LAWRENCE NATHANIEL** (hereafter "Nathaniel" or "Plaintiff"), an individual, against UPS Ground Freight, Inc. (hereafter "Defendant" or "Employer"), in order to remedy and seek relief for the Defendant's unlawful and discriminatory employment practices based on race, national origin and retaliation, in violation of The Rhode Island Fair Employment Practices Act, the Rhode Island Civil Rights Act, and other laws.

**JURISDICTION AND VENUE**

1. Jurisdiction of this Court is invoked pursuant to R.I.G.L. 8-2-13, 8-2-14, 28-5-1 et seq., 42-112-2 et seq. All conditions precedent to establishing this Court's jurisdiction over this action pursuant to R.I.G.L. 28-5-24.1 and other pertinent sections have been satisfied.

2. The employment practices hereafter alleged to be unlawful were, and are now, being committed in the State of Rhode Island, and form part of the same case or controversy.

3. Venue is proper in this Court, pursuant to, inter alia, R.I.G.L. 9-4-4 because:

a. the alleged unlawful practices occurred and/or are continuing to occur within the State of Rhode Island, and in this judicial district;

b. all records relevant to the alleged unlawful practices are maintained and administered in the Defendants' place of business in Providence, Rhode Island;

c. the Plaintiff would currently be employed by the Defendants at its place of business in Providence, Rhode Island, and within this judicial district, but for the Defendant's unlawful employment practices.

4. Plaintiff timely filed a formal Charge of Discrimination with the Rhode Island Commission for Human Rights ("RICHR"), alleging that he had been discriminated against on the basis of his race and national origin and because of what he alleged was retaliatory conduct.

5. In timely fashion, Plaintiff requested and received Right To Sue Authorization from the appropriate administrative agency.

6. Plaintiff has filed this action within 90 days of the Right To Sue authorization, and has fulfilled all other conditions precedent to the institution of each count of this action.

**PARTIES**

7. The Plaintiff, Lawrence Nathaniel, is a resident of the City of Providence, Rhode Island.

8. The Defendant UPS Freight, Inc. is a foreign corporation, maintained to operate a principal place of business located in Providence, Rhode Island.

9. On information and belief, at all times material to the allegations of this Complaint, the Defendant has continuously, and do now, employ at least 200 or more employees in the State of Rhode Island.

10. At all times material to the allegations of this Complaint, the Defendant qualified as an employer and/or covered entity pursuant to applicable provisions of The Rhode Island Civil Rights Act of 1990, R.I.G.L. §42-112-1 et seq.; and The Rhode Island Fair Employment Practices Act, R.I.G.L. §28-5-1 et seq.

11. At all times material to this action, Plaintiff was an individual, employee, and/or person covered under the terms and provisions of The Rhode Island Civil Rights

Act of 1990, R.I.G.L. §42-112-1 et seq.; and The Rhode Island Fair Employment Practices Act, R.I.G.L. §28-5-1 et seq.

12. On information and belief, and at all times pertinent to this Complaint, managers and supervisors engaging in discriminatory workplace treatment of the Plaintiff, were each a person acting in furtherance of the interest of, on behalf of, and as the agent of the Defendant, with respect to all allegations of this Complaint, and the Defendant knew or should reasonably have known of their unlawful conduct.

**FACTS COMMON TO ALL COUNTS**

13. Plaintiff commenced his employment with the Defendant on June 6, 1990.

14. Plaintiff held the position of Mechanic.

15. Plaintiff's race is Asian. He was born in India and has lived in the United States approximately 31 years.

16. In March 2018, Plaintiff complained to his Caucasian supervisor that he believed that he was being treated less favorably than his Caucasian co-worker(s) relative to certain workplace treatment.

17. For example, but not by way of limitation, the Plaintiff believed that he was singled out for discipline and "written up" by his Caucasian supervisor for conduct that his Caucasian co-workers engaged in with impunity.

18. When the Plaintiff attempted to address these issues with his supervisor and why a Caucasian co-worker was allowed to engaged in certain conduct with impunity he was informed that the co-worker "earned it."

19. Plaintiff was subject to various incidents of harassment in the workplace including but not limited to having his grievances unfairly denied filing; being unfairly accused of not following the instructions of his Caucasian supervisor; being told to work after he was instructed to "clock out"; being accused of displaying violence at work with any basis; being cornered by his Caucasian supervisor in a threatening manner against a truck frame and cab; being physically threatened by his Caucasian supervisor who put his chest against Plaintiff's chest and his face against Plaintiff's face in a threatening manner and in an effort to intimidate Plaintiff; and being physically blocked by his Caucasian supervisor in an effort to keep Plaintiff from "clocking in" on one occasion.

20. Plaintiff was injured at work on September 7, 2017, compelling him to file a claim for workers' compensation benefits.

21. In retaliation for sustaining a workplace injury and asserting his right to benefits which he entitled to, the employer subjected the Plaintiff to abusive and harassing

treatment, including chastising him for "not working safe" despite having no basis for that allegation.

22. Plaintiff was terminated on March 14, 2018 for what the Defendant classified as "just cause, specifically, gross insubordination and violating the UPS Freight Workplace Violence Prevention and UPS Freight Professional Conduct Policies."

23. There was no basis for the Plaintiff's termination.

24. The Defendant's conduct, as referenced in the preceding paragraphs, reflects, in both purpose and effect, a blatant, willful, and/or malicious pattern of discrimination and unlawful treatment against the Plaintiff. Such conduct has involved an intentional, reckless, and/or callous indifference to the statutorily protected rights of the Plaintiff. The Defendant knowingly and purposefully subjected the Plaintiff to humiliating, discriminatory treatment as a result of his race, national origin and because he availed himself of his workers' compensation benefit rights and in retaliation for asserting his rights.

**COUNT I**
**RHODE ISLAND FAIR EMPLOYMENT PRACTICES ACT**
**R.I.G.L. §28-5-1 et seq.**

**DISCRIMINATORY TERMS AND CONDITIONS OF EMPLOYMENT**
**RETALIATION**
**TERMINATION**

25. Paragraphs 1-24 above are herein incorporated by reference in their entirety.

26. The Defendants' discriminatory conduct, policies, and practices are violative of the provisions of the RIFEPA, by:

a. interfering with Plaintiff's right to avail himself of the full and equal benefit and protection of state and federal laws intended to prevent discrimination in the workplace based on race; national origin;

b. discriminatory and retaliatory considerations based on Plaintiff's race; national origin;

c. depriving him of the status, benefits, privileges, and other terms and conditions accruing to the employment relationship to which he was entitled;

d. treating him in a hostile, demeaning, and otherwise unlawful manner based on his race; national origin;

e. causing him lost income and benefits, humiliation, physical and emotional injury, as well as irreparable harm to his person and professional reputation.

27. The unlawful practices engaged in by the Defendant was motivated by impermissible and unlawful considerations concerning Plaintiff's race, national origin; and in an effort to retaliate against him for asserting his rights to workers' compensation benefits. Such practices include, but are not limited to, Defendants':

a. refusing to remedy discriminatory workplace conduct based on Plaintiff's race; national origin;

b. retaliating against Plaintiff based on his race and national origin; &

    c. terminating Plaintiff because of his race and national origin and retaliating against him.

28. But for the Defendant's intent to discriminate against Plaintiff because of his race and national origin, Defendant would not have discharged Plaintiff or subjected him to discriminatory terms and conditions of employment.

29. The Defendant's conduct has unlawfully deprived Plaintiff of income, benefits, privileges, promotions, and other terms and conditions accruing to the employment relationship to which he was entitled; has caused irreparable harm to his reputation and professional mobility; and has caused him extreme humiliation, as well as physical and emotional injury.

WHEREFORE, Plaintiff prays that judgment be entered herein against the Defendant, and in favor of Plaintiff for all damages and equitable relief available, as hereinafter requested.

## COUNT II
## THE RHODE ISLAND CIVIL RIGHTS ACT OF 1990
## R.I.G.L. 42-112-1 ET SEQ.
## DISCRIMINATORY TERMS AND CONDITIONS OF EMPLOYMENT
## RETALIATION
## TERMINATION

30. Paragraphs 1-29 above are incorporated herein by reference in their entirety.

31. Despite Plaintiff's ability to perform the duties of his position in a satisfactory manner, the Defendant unlawfully subjected Plaintiff to discriminatory terms and conditions of employment and discharged Plaintiff because of his race and national origin and for his asserting his rights to workers' compensation benefits.

32. But for the Defendant's intent to discriminate against Plaintiff because of his race and national origin and for his asserting his rights as a disabled worker, the Defendant would not have engaged in the unlawful conduct described in the preceding paragraphs.

33. By its conduct described in the preceding paragraphs, the Defendant has engaged in unlawful conduct in violation of R.I.G.L. 42-112-1 et seq.

34. The Defendant's conduct was undertaken with a reckless and/or callous indifference to the statutorily protected rights of the Plaintiff, and has unlawfully deprived the Plaintiff of his employment, income, benefits, privileges, promotions, and other benefits accruing to the employment relationship, as well as caused harm to his reputation, humiliation, and physical and emotional injury.

WHEREFORE, Plaintiff prays that judgment be entered herein against the Defendant, and in favor of Plaintiff for all damages and equitable relief available, as hereinafter requested.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendant and in favor of Plaintiff for all damages and equitable relief available, including, but not limited to:

a. an order the Defendant institute and carry out policies, practices and programs which provide equal employment opportunities to qualified individuals regardless of race or national origin.

b. an order that the Defendant make whole the Plaintiff with appropriate lost earnings, benefits, and interest, in amounts to be proved at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including, but not limited to the reinstatement of Plaintiff to her position of employment, or some other appropriate position, with appropriate increases, benefits, status, and promotional opportunities;

c. an order that the Defendant make whole the Plaintiff by providing compensation for any pecuniary losses, including, but not limited to, any costs incurred for health and life insurance premiums, medical treatment while without insurance, losses in pension entitlement, vacation pay and other benefits, and the costs of seeking new employment, in amounts to be determined at trial;

d. an order that the Defendant make whole the Plaintiff by providing compensation for non-pecuniary losses, including, but not limited to emotional pain, suffering, humiliation, and mental anguish in amounts to be proven at trial, including an appropriate award of compensatory damages pursuant to R.I.G.L. §28-50-4, 42-112-2, and 28-5-24;

e. grant attorney's fees and the costs of this action;

f. grant punitive damages, as appropriate, to punish the Defendant for its malicious conduct and/or for its reckless and/or callous indifference to the statutorily protected rights of the Plaintiff, including an appropriate award pursuant to R.I.G.L. §28-50-4, 42-112-2, and 28-5-1;

g. grant an appropriate award of prejudgment interest, including an award of interest for all damages awarded to the Plaintiff from the date this cause of action accrued, pursuant to R.I.G.L. §9-21-10; and

h. grant such further relief as this Court deems necessary and proper.

**DEMAND FOR TRIAL BY JURY**

Plaintiff hereby demands trial by jury of all issues pertinent to the causes in this Complaint triable as of right by jury.

Respectfully Submitted,
Lawrence Nathaniel
By His Attorney,

*/s/ Stephen T. Fanning*

Stephen T. Fanning #3900
305 South Main Street
Providence, RI 02903
401-272-8250
401-272-4520 (FAX)

d in Providence/Bristol County Superior Court
omitted: 9/8/2020 12:07 PM
velope: 2736867
viewer: Victoria H

See this notice in Cambodian, Spanish, and Portuguese on the attached pages.
**Español:** Véase esta notificación en camboyano, español y portugués en las páginas adjuntas.
**Português:** Leia esta notificação em cambojano, espanhol e português nas páginas em anexo.

# NOTICE

## You have a case in the Rhode Island state court system.

## You have the right to an interpreter at no cost to you.

Rhode Island Supreme Court Executive Order 2012-05 states that when a Limited-English Proficient (LEP) person appears in court, the Rhode Island Judiciary will provide a free authorized interpreter for the defendant, plaintiff, witness, victim, parent of a juvenile, or someone with a significant interest in the court proceeding. This interpreting service is provided at no cost to the parties and in all types of cases, both civil and criminal. Court interpreters work in all the courthouses of the Rhode Island state court system.

**To schedule an interpreter for your day in court, you have the following options:**

1. **Call the Office of Court Interpreters at (401) 222-8710, or**
2. **Send an email message to interpreterfeedback@courts.ri.gov, or**
3. **Visit the interpreters' office to schedule an interpreter:**

**The Office of Court Interpreters**
**Licht Judicial Complex**
**Fourth Floor, Room 401**
**250 Benefit Street**
**Providence, RI 02903**

**When requesting an interpreter, please provide the following information:**

- **The name and number of your case**
- **The language you are requesting**
- **The date and time of your hearing**
- **The location of your hearing**
- **Your name and a telephone number where we can reach you or your lawyer**

---

For more information in Portuguese, Russian, and Spanish, including a listing of court forms that are available in Spanish, please visit our website on the internet: http://www.courts.ri.gov/Interpreters/englishversion/default.aspx.

To request a translation of this notice into any other language, please call the Office of Court Interpreters at (401) 222-8710. It would be helpful to have an English speaker with you when you call.

The Rhode Island Judiciary is committed to making the courts accessible to all.

The Office of Court Interpreters
Licht Judicial Complex
Fourth Floor Room 401
250 Benefit Street
Providence, RI 02903

See this notice in Cambodian, Spanish, and Portuguese on the attached pages.
**Español:** Véase esta notificación en camboyano, español y portugués en las páginas adjuntas.
**Português:** Leia esta notificação em cambojano, espanhol e português nas páginas em anexo.

# AVISO

## Usted tiene un caso en el sistema judicial de Rhode Island.

## Usted tiene el derecho a tener un intérprete sin costo para usted.

La Orden Ejecutiva 2012-05 del Tribunal Supremo de Rhode Island dicta que cuando una persona que tiene un dominio limitado del inglés (LEP) comparece ante la corte, el Sistema Judicial de Rhode Island le proveerá un intérprete autorizado gratis sea el acusado/demandado, demandante, testigo, víctima, padre de un menor de edad alguien que tenga con un interés importante en el proceso de la corte. Este servicio de interpretación se le proveerá sin costo alguno a los participantes en toda clase de caso, sea civil o penal.
Los intérpretes judiciales trabajan en todos los tribunales del Sistema Judicial de Rhode Island.

**Para solicitar un intérprete para su comparecencia en el tribunal, usted tiene las siguientes opciones:**

1. **Llamar a la Oficina de Intérpretes en el tribunal al 401-222-8710 ;**
2. **Mandar un correo electrónico a interpreterfeedback@courts.ri.gov; o**
3. **Presentarse a la Oficina de Intérpretes para solicitar un intérprete:**

**The Office of Court Interpreters**
**Licht Judicial Complex**
**Cuarto Piso, Oficina 401 A-B**
**250 Benefit Street**
**Providence, RI 02903**

**Al solicitar un intérprete, por favor provea la siguiente información:**

- **El nombre y el número de su caso**
- **El idioma que solicita**
- **La fecha y hora de su audiencia**
- **Dónde va a tomar lugar su andiencia**
- **Su nombre y número de teléfono por el cual nos podamos poner en contacto con usted o con su abogado.**

---

Para obtener más información en portugués, ruso o español, incluyendo una lista de formularios de la corte que están disponibles en español, visite nuestra página de internet:

http://www.courts.ri.gov/Interpreters/englishversion/default.aspxi.

Para solicitar la traducción de este aviso en cualquier otro idioma, por favor llame a la oficina de intérpretes al (401) 222-8710. Ayudaría si usted puede estar en compañía de una persona que habla inglés cuando llame.

El sistema jurídico de Rhode Island se compromete a proporcionar a todas las personas mejor acceso a los tribunales.

The Office of Court Interpreters
Licht Judicial Complex
Fourth Floor Room 401
250 Benefit Street
Providence, RI 02903

See this notice in Cambodian, Spanish, and Portuguese on the attached pages.
**Camboyano:** SAMPLE: [Véase esta notificación en camboyano, español y portugués en las páginas adjuntas.]
**Español:** Véase esta notificación en camboyano, español y portugués en las páginas adjuntas.
**Português:** Leia esta notificação em cambojano, espanhol e português nas páginas em anexo.

# NOTIFICAÇÃO

## V. Ex.ª tem um processo em curso no sistema judiciário do Estado de Rhode Island,

## V. Ex.ª tem direito aos serviços gratuitos de um intérprete.

A Ordem Executiva 2012-05 do Supremo Tribunal de Rhode Island prevê que quando uma pessoa com conhecimentos limitados da língua inglesa (*Limited-English Proficient*) (LEP) comparece em tribunal, a Administração Judiciária de Rhode Island disponibiliza-lhe gratuitamente os serviços de um intérprete autorizado a um réu, autor, testemunha, vítima, pai ou mãe de um menor ou alguém com interesse significativo no processo judicial. O serviço de intérprete é prestado gratuitamente às partes e em todos os tipos de processos, sejam eles civis ou penais. Os intérpretes do tribunal trabalham em todos os tribunais do sistema judiciário do Estado de Rhode Island.

**Para agendar os serviços de um intérprete para o seu dia no tribunal, tem as seguintes opções:**

1. **Telefonar para o Gabinete de Intérpretes Judiciais através do n.º (401) 222-8710, ou**
2. **Enviar uma mensagem de correio eletrónico para interpreterfeedback@courts.ri.gov, ou**
3. **Deslocar-se ao gabinete de Intérpretes para agendar os serviços de um intérprete:**

**Gabinete de Intérpretes Judiciais**
**Complexo Judicial Licht**
**Quarto Piso, Sala 401**
**250 Benefit Street**
**Providence, RI 02903**

**Quando solicitar os serviços de um intérprete deve fornecer os seguintes dados:**

- **O nome e número do seu processo**
- **O idioma que solicita**
- **A data e hora da sua audiência**
- **O local da sua audiência**
- **O seu nome e um número de telefone para o podermos contactar a si ou ao seu advogado**

---

Para obter mais informações em português, russo e espanhol, incluindo uma lista dos formulários judiciais disponíveis em espanhol, visite o nosso website na internet: http://www.courts.ri.gov/Interpreters/englishversion/default.aspxi.

Para solicitar uma tradução desta notificação para qualquer outro idioma, telefone para o Gabinete de Intérpretes Judiciais através do número (401) 222-8710. Recomenda-se que esteja acompanhado por alguém que fale inglês quando fizer a chamada.

A Administração Judiciária de Rhode Island está empenhada em tornar os tribunais acessíveis para todos.

Gabinete de Intérpretes Judiciais
Complexo Judicial Licht
Quarto Piso, Sala 401
250 Benefit Street
Providence, RI 02903

មើលសេចក្ដីជូនដំណឹងនេះជាភាសាខ្មែរ អេស្បាញ និងព័រទុយហ្គ័លនៅលើទំព័រដែលបានភ្ជាប់។

# សេចក្ដីជូនដំណឹង

## លោកអ្នកមានបណ្ដឹងនៅក្នុងប្រព័ន្ធតុលាការនៃរដ្ឋ Rhode Island។

## លោកអ្នកមានសិទ្ធិស្នើសុំអ្នកបកប្រែដោយឥតគិតថ្លៃសម្រាប់ខ្លួនឯង។

ដីកាប្រតិបត្តិរបស់តុលាការកំពូលនៃ Rhode Island (Rhode Island Supreme Court Executive Order) លេខ 2012-05 បានចែងថានៅពេលបុគ្គលដែលមានចំណេះដឹងផ្នែកភាសាអង់គ្លេសមានកំណត់ (LEP) បង្ហាញខ្លួននៅក្នុងតុលាការ តុលាការនៃ Rhode Island នឹងផ្ដល់អ្នកបកប្រែដែលបានអនុញ្ញាតដោយឥតគិតថ្លៃសម្រាប់ចុងចោទ ដើមចោទ សាក្សី ជនរងគ្រោះ មាតាបិតារបស់អនីតិជន ឬនរណាម្នាក់ដែលពាក់ព័ន្ធយ៉ាងសំខាន់នៅក្នុងដំណើរការតុលាការ។ សេវាកម្មបកប្រែនេះ ត្រូវបានផ្ដល់ជូនដោយឥតគិតថ្លៃសម្រាប់គូភាគី និងនៅគ្រប់ប្រភេទនៃបណ្ដឹង ទាំងរដ្ឋប្បវេណី និងព្រហ្មទណ្ឌ។ អ្នកបកប្រែក្នុងតុលាការធ្វើការនៅក្នុងគ្រប់តុលាការទាំងអស់របស់ប្រព័ន្ធតុលាការនៃរដ្ឋ Rhode Island។

ដើម្បីគ្រោងពេលវេលាអ្នកបកប្រែសម្រាប់ថ្ងៃចូលសវនាការរបស់លោកអ្នក លោកអ្នកមានជម្រើសដូចខាងក្រោម ៖

1. ទូរស័ព្ទមកកាន់ការិយាល័យអ្នកបកប្រែប្រចាំតុលាការតាមរយៈលេខ **(401) 222-8710** ឬ
2. ផ្ញើអ៊ីម៉ែលទៅកាន់ **interpreterfeedback@courts.ri.gov** ឬ
3. ទៅកាន់ការិយាល័យអ្នកបកប្រែដើម្បីគ្រោងពេលវេលាអ្នកបកប្រែ ៖

**The Office of Court Interpreters**
**Licht Judicial Complex**
**Fourth Floor, Room 401**
**250 Benefit Street**
**Providence, RI 02903**

នៅពេលស្នើសុំអ្នកបកប្រែ សូមផ្ដល់នូវព័ត៌មានដូចខាងក្រោម ៖

- ឈ្មោះ និងលេខបណ្ដឹងរបស់លោកអ្នក
- ភាសាដែលលោកអ្នកស្នើសុំ
- កាលបរិច្ឆេទ និងម៉ោងសវនាការរបស់លោកអ្នក
- ទីតាំងនៃសវនាការរបស់លោកអ្នក
- ឈ្មោះ និងលេខទូរស័ព្ទលោកអ្នកដែលយើងខ្ញុំអាចទំនាក់ទំនងលោកអ្នក ឬមេធាវីលោកអ្នកបាន

---

សម្រាប់ព័ត៌មានបន្ថែមជាភាសាព័រទុយហ្គ័ល រុស្ស៊ី និងអេស្បាញ រួមទាំងបញ្ជីទម្រង់បែបបទតុលាការដែលមានជាភាសាអេស្បាញនោះ សូមចូលទៅកាន់គេហទំព័ររបស់យើងខ្ញុំនៅលើអ៊ីនធឺណិត ៖

http://www.courts.ri.gov/Interpreters/englishversion/default.aspxi។

ដើម្បីស្នើសុំការបកប្រែសេចក្ដីជូនដំណឹងនេះជាភាសាណាមួយផ្សេងទៀត សូមទូរស័ព្ទមកការិយាល័យអ្នកបកប្រែប្រចាំតុលាការតាមរយៈលេខ (401) 222-8710។ វាជាការចាំបាច់ដែលត្រូវមានអ្នកនិយាយភាសាអង់គ្លេសជាមួយលោកអ្នកនៅពេលដែលលោកអ្នកទូរស័ព្ទចូល។

តុលាការ Rhode Island ប្ដេជ្ញាធ្វើឲ្យតុលាការអាចប្រើប្រាស់បានសម្រាប់មនុស្សគ្រប់គ្នា។

ការិយាល័យអ្នកបកប្រែប្រចាំតុលាការ
Licht Judicial Complex
Fourth Floor Room 401
250 Benefit Street
Providence, RI 02903